**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES NATHANIEL JONES | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-05-661 |
| JOSEPH SACCHET | : | |
| Respondent | : | |

.o0o.

## MEMORANDUM

In the above-captioned case, Respondent has filed an Answer alleging that dismissal is proper because Petitioner has failed to exhaust one of two claims presented in his habeas corpus petition. Paper No. 6. To the extent that the petition contains an unexhausted claim, it is subject to dismissal without prejudice.[1]

Petitioner alleges that: (1) he was denied effective assistance of counsel when counsel failed to "identify and take exception to the 'defective sentence' imposed"; and ( 2) the state court's refusal[2] to correct an error made by the Division of Correction with respect to diminution of confinement credits denied him equal protection of the law. Paper No. 1 at pp. 8 and 10. Petitioner's second claim regarding the application of diminution of confinement credits to his term of confinement has not been properly exhausted and in any event is not appropriate for review under 28 U.S.C. § 2254. *See Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998) (claims resting solely

---

[1] Although the dismissal is without prejudice, Petitioner is still subject to the one-year filing deadline imposed by 28 U.S.C. § 2244 (d).

[2] Petitioner filed a post-conviction petition raising the issue of ineffective assistance of counsel claim. At the hearing, Petitioner also complained about allegedly improper calculation of his diminution of confinement credits. The post-conviction court noted the issue but declined to reach the merits of the claim because it had not been properly raised in the post-conviction petition. Paper No. 6 at Ex. 14, p. 7, fn. 8.

on interpretation of state case law and statutes not cognizable on federal habeas review). As a claim regarding the execution of the penalty imposed, the second claim is more appropriately reviewed under 28 U.S.C. § 2241, and may be presented in federal court in very limited instances and only after it has been properly exhausted in state court.[3] Because the claim is not appropriate for review, a stay of this case pending exhaustion of the claim is not available. *See Rhines v. Weber*, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005) (noting stay and abeyance is unavailable in a petition brought pursuant to 28 U.S.C. § 2254 where good cause for non-exhaustion is not established or where unexhausted claim is without merit).

Under the circumstances, the best course of action appears to be for Petitioner to withdraw without prejudice the second claim, regarding diminution of confinement credits, so that the merits of the ineffective assistance of counsel claim can be addressed. If Petitioner withdraws the unexhausted claim regarding diminution of confinement credits from the petition, the Respondent will be directed to address the merits of the ineffective assistance of counsel claim. Alternatively, Petitioner may elect to dismiss the entire petition without prejudice so that he may finish state court review of the diminution of confinement credits claim. As noted above, however, he risks running afoul of the one-year limitations statute and may be precluded from bringing substantive review to bear on his ineffective assistance of counsel claim.

---

[3] Petitioner is not required to exhaust administrative remedies with the Inmate Grievance Office ("IGO") and may file his state habeas petition directly with the appropriate state circuit court if his claim is that he is unlawfully detained and entitled to immediate release. *See Maryland House of Correction v. Fields*, 348 Md. 245, 256, 703 A. 2d 167, 173 (1997) *overruled on other grounds, Moats v. Scott*, 358 Md. 593, 751 A.2d 462 (1999); *see also* Md. Rule 15-302(a)(1). If he is not entitled to immediate release, he may: file an administrative remedy procedure request (ARP) to the warden of the institution where he is confined; appeal a denial of the ARP to the Commissioner of Correction; appeal that decision to the IGO; appeal the IGO decision to the circuit court; and, file an application for leave to appeal with the Maryland Court of Special Appeals.

Accordingly, Petitioner will be provided twenty days within which he must advise the court regarding whether he intends to withdraw the unexhausted claim from the petition.  Petitioner is forewarned that failure to notify this court within the time allotted will result in dismissal of the entire petition without prejudice and without further notice.  A separate order follows.


\_\_3/24/06_____         _____/s/_____
Date                                   DEBORAH K. CHASANOW
                                       United States District Judge