## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES NATHANIEL JONES                     :

     Petitioner                          :

     v                                   :          Civil Action No. DKC-05-661

JOSEPH SACCHET                            :

     Respondent                          :

.o0o.

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was filed on March 7, 2005.   Pursuant to this court's Order of April 12, 2006, Respondent filed a supplemental Answer to the Petition addressing the merits of Petitioner's ineffective assistance of counsel claim.[1]  Paper No. 16.   Petitioner has filed a reply to the Answer.  Paper No. 18. Upon review of the papers and exhibits submitted, this court finds that a hearing is not necessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6;  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).   For the reasons set forth below, the Petition for Writ of Habeas Corpus shall be denied.

---

[1] In his Petition for Writ of Habeas Corpus, Jones alleged that: (1) he was denied effective assistance of counsel when counsel failed to "identify and take exception to the 'defective sentence' imposed;" and ( 2) the state court's refusal to correct an error made by the Division of Correction with respect to diminution of confinement credits denied him equal protection of the law.  Paper No. 1 at pp. 8 and 10.  Because Petitioner's second claim regarding the application of diminution of confinement credits to his term of confinement had not been properly exhausted and is not appropriate for review under 28 U.S.C. § 2254,it was dismissed without prejudice upon Petitioner's voluntary Motion to Withdraw the claim.  *See* Papers No. 12 and 13.

**Procedural History**

On October 26, 2001, Petitioner pled guilty to possession with intent to distribute cocaine in the Circuit Court for Charles County.  Paper No. 6 at Ex. 1.  Pursuant to a plea bargain agreement, the mandatory minimum ten year term imposed was made partially concurrent with the fifteen year term Petitioner was serving at the time.  *Id*. at Ex. 2.  The plea agreement was explained to the court as follows:

> [PROSECUTOR]: Mr. Jones is currently serving a 15 year straight sentence in DOC on a different case. In this particular case we have PWID. The agreement is going to be 10 years without parole, the first 5 years of that to be concurrent with what he is currently serving and the second half to be consecutive. So the net effect is a 5 year consecutive sentence but that total 10 years is without parole.  I am not sure quite how you will phrase that in the commitment order but that is the extent of our agreement of this case. We will throw out the remaining counts.  His girlfriend, Ms. Baylor, who is the last case after this one, our agreement is once this case, once this sentence is imposed we are going to be dismissing her case. I didn't think that was really necessary in this agreement because this it doesn't really relate to this case but I want everybody to be clear that is our understanding as well.  I think that is the extent of the agreement.
>
> [DEFENSE COUNSEL]: Yeah.

*Id*. at pp. 2–3.

Prior to accepting his guilty plea, the sentencing judge asked Petitioner several questions to determine: if he understood the nature of the charges to which he was pleading guilty; if he had discussed the case fully with his attorney; and if he agreed with the terms of the plea bargain.  *Id*. at pp. 4– 9.  After it was established that Petitioner understood the guilty plea and that he had discussed the case fully with his attorney, the court accepted his guilty plea and sentenced him in accordance with the agreement.  *Id*. at pp. 10– 11.

On January 29, 2002, Petitioner filed a motion to correct illegal sentence in the Circuit Court for Charles County, alleging that the sentence as imposed was illegal because the court improperly split the mandatory 10 year sentence,  making it partially concurrent.[2]  *Id*. at Ex. 6.  On October 7, 2002, the motion to correct illegal sentence was denied after a hearing.  No written decision was issued by the court. *Id*. at Ex. 8.  Petitioner filed an application for leave to appeal the decision on November 8, 2002.  The Court of Special Appeals construed the application as a notice of appeal and, on January 7, 2003, dismissed it as untimely.  *Id*. at Ex. 10.

On March 24, 2003, Petitioner filed a post conviction petition alleging ineffective assistance of counsel due to trial counsel's: failure to investigate and present evidence regarding the legality of the search and seizure; failure to represent Petitioner effectively in plea negotiations; and failure to identify and take exception to the defective sentence imposed.  *Id* at Ex. 11, p. 2.  A hearing on the post conviction petition was held on October 9, 2003, and by decision dated February 18, 2004, relief was denied.  *Id*. at Ex. 14.  Petitioner's application for leave to appeal to the Court of Special Appeals was denied.  *Id*. at Ex. 17.

## Threshold Considerations

### Exhaustion

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must have exhausted each claim presented to the federal court by pursuing remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in

---

[2] On February 20, 2002, Petitioner filed a post-conviction petition asserting: that his guilty plea was not voluntary; that his ten year sentence was an illegal sentence; and that his attorney provided ineffective assistance of counsel.  Paper No. 6 at Ex. 5.  On November 22, 2002, after Petitioner's motion to correct illegal sentence was denied, he was permitted to withdraw his post-conviction petition without prejudice. *Id*. at Ex. 9.

the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals), and with other claims by way of  a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.

Petitioner no longer has any state direct appeal or collateral review remedies available to him with respect to the claim raised in this court; thus, his claim is considered exhausted for the purpose of federal habeas corpus review.

### Statute of Limitations

Respondents do not contend -- and the court does not find -- that the Petition is time-barred pursuant to 28 U.S.C. §2244(d).

### Standard of Review

Because the Petition was filed after April 24, 1996, it must be evaluated pursuant to amendments to the habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections of 28 U.S.C.).[3]  Under the AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise the more limited review set forth in Section 2254(d).  That section now provides that:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

---

[3]        *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

      1.      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      2.      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended). In reviewing Petitioner's attack on his state court conviction, the court presumes that the state court's factual determinations are correct. Petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor observed that:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13. The Court noted that "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

In alleging a claim of ineffective assistance of counsel, Petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* at 696. With these standards in mind, this court addresses the claim now before it.

## Analysis

In his Petition for Writ of Habeas Corpus pending before this court, Petitioner alleges he was denied effective assistance of counsel when counsel failed to "identify and take exception to the 'defective sentence' imposed." Paper No. 1 at p. 8. Petitioner's claim is that the sentence imposed, 10 years without parole, was "split" so that five years of the sentence is concurrent with a previously-imposed sentence and five years of the sentence is consecutive. *Id.* at p. 8. Petitioner claims that the statute under which he was sentenced mandates imposition of a 10 year sentence and he asserts counsel was ineffective in failing to point out to the sentencing court that the sentence imposed must be a single 10 year sentence and could not be split into two 5 year sentences. *Id.* at p. 9.

Petitioner raised this claim in his post-conviction petition. Paper No. 6 at Ex. 11, p. 10. The post-conviction court rejected the claim, noting that:

> [T]he statute [Md. Crim. Law, Code Ann., § 5-608(b)] clearly states, "the court may not suspend the mandatory minimum sentence to less than 10 years." However, there is a difference between suspending a mandatory minimum sentence and splitting a mandatory minimum sentence of 10 years into 5 years concurrent and 5 years consecutive. The sentence is not illegal because the amount of mandatory time the defendant must serve, 10 years, is equal to the combination of the two 5 year terms. At the sentencing in this case, the Assistant State's Attorney raised the issue of the sentencing being confusing but acknowledging that it was not illegal.

\* \* \*

6

Accordingly, the Court finds that Anita Turner was not acting as ineffective counsel when she failed to identify and take exception to the defective sentence at the time of entry of the plea, and therefore this allegation of error is without merit.

Paper No. 6 at Ex. 14, pp. 6– 7.

In his reply to the Answer, Petitioner claims the conclusion that his sentence was properly imposed and that counsel's performance was without error is an erroneous interpretation of Maryland law. Paper No. 18. He asserts that the statutory language requiring imposition of a ten year term refers to the sentence as a single sentence and that the rule of lenity prohibits courts from imposing more than one enhanced sentence where multiple offenses are involved. *Id*. at p. 2, *citing Veney v. State*, 130 Md. App. 135, 744 A.2d 1094 (2000). Petitioner's reliance on the decision in *Veney* is misplaced. Interpreting the language of Md. Ann. Code, Art. 27 §286(c), the Maryland Court of Special Appeals concluded that "[t]he enhanced penalty may only be imposed upon the second conviction" and that the Maryland legislature "intended to impose only one enhanced penalty per criminal episode." *Veney*, 130 Md. App at 149, 744 A.2d at 1102. The criminal defendant in *Veney* challenged the imposition of enhanced penalties for each multiple count of possession with intent to distribute. In the instant case, Petitioner received one ten-year term which  was split into two five-year terms. Thus, the statutory penalty was not increased beyond what is permissible under Maryland law.

The failure of counsel to object to a sentence that was not illegal and was imposed pursuant to a plea negotiation does not constitute defective performance. Under *Strickland* there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The failure to make a frivolous motion or to make ethically improper arguments does not amount to an unprofessional error, nor is there even a remote possibility that the result of the trial would have been different had the motion been made.

7

*See Horne v. Peyton*, 356 F.2d 631 (4th Cir. 1966) (fact that counsel could have done more is insufficient for reversal absent any showing of harmful consequences).  In the instant case, the only difference that might have resulted had counsel objected is withdrawal of the plea agreement and imposition of a longer sentence, *i.e.*, ten years consecutive.  In short, the claimed deficient performance inured to Petitioner's benefit and, accordingly, is not properly characterized as deficient.  The post-conviction court's analysis of the applicable Maryland sentencing statute is without error and represents a reasonable application of *Strickland*.

Petitioner is not entitled to federal habeas relief.  There is no basis upon which to find constitutional deficiencies in the state court proceedings, Petitioner has failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction or appellate relief.  Accordingly, the petition shall be denied with prejudice by separate Order which follows.

   7/21/06                                              /s/                                   
Date                                               DEBORAH K. CHASANOW
                                                   United States District Judge